**FILED**

**NOT FOR PUBLICATION**

**AUG 24 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED
SEP 2 5 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>PETRO SNEGIREV,<br><br>Defendant - Appellant. | No. 05-30593<br><br>D.C. No. CR-05-00024-JWS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted August 21, 2006**

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

Petro Snegirev appeals the sentence imposed following his jury conviction

of one count of distribution of methamphetamine, in violation of 21 U.S.C. §§

---

  *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

  **   This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Snegirev contends that his Sixth Amendment rights were violated because his sentence was based on a drug quantity that was neither pleaded in the indictment nor proved to the jury. This contention lacks merit because increasing a sentence based on judicial fact-finding does not run afoul of the Sixth Amendment where, as here, the sentence was imposed under an advisory guidelines system and remains within the statutory maximum. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.").

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

SEP 1 9 2006

by: Deputy Clerk