RECEIVED
JUN 18 2007

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Alaska |
|---|---|
| Name (under which you were convicted): Petro Snegirev | Docket or Case No.: A05-0024-CR (JWS) |
| Place of Confinement: FCI-1, Victorville, California | Prisoner No.: 15092-006 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. PETRO SNEGIREV | |

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court, District of Alaska
   Federal Building-U.S. Courthouse, 222 West Seventh Avenue, #4
   Anchorage, Alaska 99513-7564

   (b) Criminal docket or case number (if you know): A05-0024-CR (JWS)

2. (a) Date of the judgment of conviction (if you know): June 14, 2005

   (b) Date of sentencing: November 17, 2005

3. Length of sentence: One-hundred and twenty-one months.

4. Nature of crime (all counts): One count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒
8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐
9. If you did appeal, answer the following:
   (a) Name of court: __United States Court of Appeals for the Ninth Circuit__
   (b) Docket or case number (if you know): __05-30593__
   (c) Result: __The imposed sentence was affirmed.__
   (d) Date of result (if you know): __August 24, 2006__
   (e) Citation to the case (if you know): __U.S. v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005)(en banc)__
   (f) Grounds raised: __Defendant was unconstitutionally sentenced based on drug quantity that was not pleaded or proved to the jury.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____

       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☒    No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __United States District Court for the District of Alaska__
        (2) Docket or case number (if you know): __A05-0211-CV (JWS)__
        (3) Date of filing (if you know): __August 31, 2005__

(4) Nature of the proceeding: __Complaint__

(5) Grounds raised: __Assigned counsel, Kevin F. McCoy (hereinafter "Mr. McCoy"), deprived the Petitioner of his Fifth Amendment rights of the United States Constitution in failing to provide pre-trial discovery to Petitioner. In addition, Mr. McCoy refused to file any motions. Mr. McCoy violated Petitioner's Sixth Amendment rights of the United States Constitution in refusing to subpeona material witnesses in Petitioner's favor. For the most part, Mr. McCoy failed in the assistance of counsel for Petitioner's defense in deliberately acting as ineffective assistance of counsel to convict Petitioner.__

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result: __Dismissed without prejudice.__

(8) Date of result (if you know): __September 13, 2005__

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __United States Court of Appeals for the Ninth Circuit__

(2) Docket or case number (if you know): __05-76280__

(3) Date of filing (if you know): __Unknown__

(4) Nature of the proceeding: __Petition for writ of mandamus__

(5) Grounds raised: __The District Court suspended Petitioner's filing of writ of habeas corpus pursuant to Title 28, U.S.C. § 2241 (c)(3). Mr. McCoy deprived Petitioner of his Fifth and Sixth Amendment rights of the United States Constitution. Petitioner requested the assigned judge to his criminal case to recuse himself. Also, the Petitioner requested a new trial.__

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result: __The motion to proceed in forma pauperis__ was denied as moot.

(8) Date of result (if you know): __January 25, 2006__

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☒   No ☐
(2) Second petition:   Yes ☒   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Assigned counsel, Mr. McCoy, conspired with the U.S. government to convict Petitioner in depriving him of his Fifth and Sixth Amendment rights of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) Mr. McCoy failed to provide Grand Jury Indictment transcripts to Petitioner.

(2) Mr. McCoy refused to file a motion for a bail hearing for Petitioner.

(3) Mr. McCoy withheld evidence that Petitioner requested and was entitled to.

(4) Mr. McCoy refused to file a motion for an evidentiary hearing on the evidence against Petitioner.

(5) Mr. McCoy refused to file any motion(s) to suppress the illegal evidence against Petitioner.

(6) Mr. McCoy deprived Petitioner the right to have compulsory process for obtaining witnesses in his favor in refusing to subpeona

(... Continued on the following page)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Assigned counsel, Allison Mendel (hereinafter "Ms. Mendel"), refused to raise the issue in the direct appeal.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ☒  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Petition for writ of mandamus.

Name and location of the court where the motion or petition was filed: United States Court of Appeals for the Ninth Circuit, 95 Seventh Street, P.O. Box 193939 San Francisco, CA. 94119-3939

12. GROUND ONE (... continued from page 4)

  (a)

    (6) ... witnesses requested by Petitioner.

    (7) Mr. McCoy failed to address to the Court that the Anchorage police officers and DEA agents violated Petitioner's Fourth Amendment rights of the United States Constitution in breaking into his home and seizing property without a court authorized warrant.

    (8) Mr. McCoy failed to address to the Court that the Anchorage police officers and DEA agents violated Petitioner's Eighth Amendment rights of the United States Constitution in inflicting cruel and unusual punishment on Petitioner in breaking his ribs.

    (9) Mr. McCoy failed to raise the entrapment defense.

    (10) Mr. McCoy refused to challenge the legality of the electronic surveillance recordings, used as evidence, against Petitioner.

    (11) Mr. McCoy failed to challenge the charge of possession with intent to distribute methamphetamine. Especially, when the U.S. government claimed the controlled substance was found in a government agent's, Shannon Lovell, automobile.

    (12) Mr. McCoy failed to challenge the charge of distribution methamphetamine.

    (13) Mr. McCoy failed to challenge the unlawful sentence of Petitioner.

Docket or case number (if you know): 05-76280

Date of the court's decision: January 25, 2006

Result (attach a copy of the court's opinion or order, if available): The petition was denied. The motion to proceed in forma pauperis was denied as moot.

(3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

  Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The Appellate Court's response was too late. The Petitioner had already been convicted and sentenced.

GROUND TWO: The District Court committed reversible error in denying Petitioner his right to effective assistance of counsel for defense as guaranteed in the Sixth Amendment of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) The District Court violated Petitioner's Sixth Amendment right in denying his motion to discharge ineffective assistance of counsel, Kevin F. McCoy.

(2) The District Court denied Petitioner the right to represent himself.

(3) The District Court committed reversible error in suspending Petitioner's petition for writ of habeas corpus pursuant to Title 28, U.S.C. § 2241(c)(3).

(4) The District Court committed reversible error in allowing Mr. McCoy to

continue representing Petitioner, especially, when it was apparent that there was a conflict of interest.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Assigned counsel, Ms. Mendel, refused to raise the issue in the direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☒    No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: Petition for writ of mandamus.

    Name and location of the court where the motion or petition was filed: United States Court of Appeals for the Ninth Circuit, 95 Seventh Street, P.O. Box 193939 San Francisco, CA. 94119-3939

    Docket or case number (if you know):  05-76280

    Date of the court's decision: January 25, 2006

    Result (attach a copy of the court's opinion or order, if available): The petition was denied. The motion to proceed in forma pauperis was denied as moot.

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The Appellate Court's response was too late. The Petitioner had already been convicted and sentenced.

GROUND THREE: The Anchorage police officers and DEA agents conspired together in violating Petitioner's Fourth and Eighth Amendment rights of the United States Constitution.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
(1) The Anchorage police officers and DEA agents broke into Petitioner's home and seized property without a court authorized warrant.
(2) The police officers and agents conducted warrantless videotaping of Petitioner at his residence.
(3) Absent probable cause and authorization, the Anchorage police officers and DEA agents forcing Petitioner out of the vehicle constituted an unreasonable seizure.
(4) Without any resistance from Petitioner, the arresting police officers broke Petitioner's ribs constituting cruel and unusual punishment.

(b) Direct Appeal of Ground Three:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒
(2) If you did not raise this issue in your direct appeal, explain why: Assigned counsel, Ms. Mendel, refused to raise the issue in the direct appeal.

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☒   No ☐
(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition: Petition for writ of mandamus.
Name and location of the court where the motion or petition was filed: United States Court of Appeals for the Ninth Circuit, 95 Seventh Street, P.O. Box 193939 San Francisco, CA. 94119-3939
Docket or case number (if you know): 05-76280
Date of the court's decision: January 25, 2006

Result (attach a copy of the court's opinion or order, if available): <u>The petition was denied.</u>
<u>The motion to proceed in forma pauperis was denied as moot.</u>

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

GROUND FOUR: <u>Assigned counsel, Ms. Mendel, deprived Petitioner of the right to effective assistance of counsel on his direct appeal violating the Sixth Amendment of the United States Constitution.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
<u>(1) Ms. Mendel refused to raise the issue of Petitioner's trial counsel as ineffective assistance of counsel.</u>
<u>(2) Ms. Mendel failed to raise any issues against the conviction of the Petitioner.</u>
<u>(3) Ms. Mendel failed to raise the proper arguments against the unlawful sentence of the Petitioner.</u>

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Assigned counsel, Ms. Mendel, refused to raise the issue in the direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Petition for writ of mandamus.

Name and location of the court where the motion or petition was filed: United States Court of Appeals for the Ninth Circuit, 95 Seventh Street, P.O. Box 193939 San Francisco, CA. 94119-3939

Docket or case number (if you know): 05-76280

Date of the court's decision: January 25, 2006

Result (attach a copy of the court's opinion or order, if available): The petition was denied. The motion to proceed in forma pauperis was denied as moot.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: The Appellate Court's response was too late. The Petitioner had already been convicted and sentenced.

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The Petitioner informed assigned counsel, Mr. McCoy, that the arresting officers inflicted physical damage on him at the time of his arrest. The arresting officers broke Petitioner's ribs. However, Mr. McCoy failed to address to the Court that his client, the Petitioner, was unlawfully abused by the police. The Petitioner never raised the issue with the Court either, because he was in fear for his life.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing: Kevin F. McCoy, ESQ., Assistant Federal Defender
550 West Seventh Ave., Suite 1600, Anchorage, AK. 99501
(b) At arraignment and plea: Kevin F. McCoy, ESQ., Assistant Federal Defender
550 West Seventh Ave., Suite 1600, Anchorage, AK. 99501
(c) At trial: Kevin F. McCoy, ESQ., Assistant Federal Defender
550 West Seventh Ave., Suite 1600, Anchorage, AK. 99501
(d) At sentencing: Kevin F. McCoy, ESQ., Assistant Federal Defender
550 West Seventh Ave., Suite 1600, Anchorage, AK. 99501

(e) On appeal: <u>Allison Mendel, Mendel and Associates, 431 West Seventh Ave.</u>
<u>Suite 101, Anchorage, AK. 99501</u>

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: <u>Allison Mendel</u>
<u>Mendel and Associates, 431 West Seventh Ave., Suite 101</u>
<u>Anchorage, AK. 99501</u>

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>for an order vacating and setting aside the conviction and sentence of the Petitioner, Petro Snegirev, and discharging him from detention and imprisonment, and for such other,</u> further,
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on <u>June 13, 2007</u> (month, date, year).

Executed (signed) on <u>June 13, 2007</u> (date).

*Petro Snegirev*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION
_____
[Insert appropriate court]
* * * * *