NELSON P. COHEN
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.goeke@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-cr-00024-JWS |
| ) | |
| Plaintiff, ) | **UNITED STATES'** |
| ) | **OPPOSITION TO** |
| vs. ) | **AMENDED 28 U.S.C.** |
| ) | **§ 2255 PETITION TO** |
| PETRO SNEGIREV, ) | **SET ASIDE/VACATE** |
| ) | **CONVICTION** |
| Defendant. ) | |
| ) | |
| _____ ) | |

     COMES NOW, the United States of America, by and through undersigned

counsel, and hereby opposes defendant Petro Snegirev's Amended 28 U.S.C.

§ 2255 Petition to Set Aside/Vacate Conviction.

U.S. v. Snegirev
3:05-cr-00024-JWS

## I.      Introduction

Snegirev moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming his Sixth Amendment right to counsel was violated through alleged ineffective assistance from his trial counsel, Assistant Federal Defender Kevin McCoy. Snegirev's petition lacks substantive merit and should be denied. First, Snegirev fails to demonstrate any inadequate performance by his trial counsel. Second, Snegirev fails to demonstrate any prejudice arising from the alleged ineffective assistance of his trial counsel. No evidentiary hearing is necessary, as the issues that Snegirev raises were either fully litigated before the district court or are clear based on a review of the record.

## II.     Background and Procedural History

On March 15, 2005, Snegirev was indicted on two counts of drug trafficking; one count of distribution of a mixture containing methamphetamine weighing at least 50 grams, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). Indictment (March 15, 2005); Presentence Report (PSR), ¶ 9. The Indictment stemmed from an investigation

by the Anchorage Police Department (APD) and the Drug Enforcement Administration (DEA). Specifically, in early 2005, the APD received information from a confidential informant (CI) that Snegirev was a drug dealer who regularly flew to Oregon to purchase methamphetamine, returned to Anchorage, and then sold the methamphetamine. Id., ¶¶ 10-11. The CI told the police that he had purchased methamphetamine from Snegirev on dozens of occasions in the previous year and a half, and provided other information about Snegirev that the police confirmed. Id., ¶ 10. Based on this information, the police conducted a monitored sting operation beginning on February 17, 2005 through March 2, 2005, during the course of which Snegirev sold the CI methamphetamine on February 24, 2005, sold 54.8 grams of a mixture containing methamphetamine to an undercover APD Detective, Gordon Dorr, on March 2, 2005, and also agreed to obtain a large quantity of methamphetamine for Detective Dorr. Id., ¶¶ 13-46. When the operation concluded with Snegirev's arrest on March 2, 2005, he was also in the possession of over 25 grams of a substance that tested positive for methamphetamine. Id., ¶ 46. The Indictment charged Snegirev only with the distribution of methamphetamine to the

undercover police officer on March 2, 2005 and Snegirev's separate possession of methamphetamine with the intent to distribute on March 2, 2005. Id., ¶ 9.

Snegirev's trial by jury commenced on June 13, 2005 in Anchorage, Alaska. During trial the United States presented testimony from APD Detectives Gordon Dorr and Micki Doll and DEA chemist William Moriwaki, among other witnesses. Specifically, the United States presented testimony and other evidence concerning the events leading up to Snegirev's March 2, 2005 sale of methamphetamine to Detective Dorr, including tape recorded conversations between Snegirev and Detective Dorr. This evidence constituted proof of the charge in Count 1. The government also presented evidence concerning Snegirev's subsequent arrest, later in the day on March 2, 2005, for Snegirev's earlier distribution of methamphetamine to Detective Dorr. When Snegirev was arrested, he had in his possession an additional quantity of methamphetamine. This evidence constituted proof of the charge in Count 2. As for the quantity of methamphetamine involved, the United States presented evidence from DEA chemist Moriwaki that the mixture of methamphetamine Snegirev sold to Detective Dorr weighed approximately 54.8 grams and contained approximately

41.6 grams of pure methamphetamine and that the additional mixture of methamphetamine that Snegirev possessed at the time of his arrest weighed approximately 25.9 grams and contained approximately 19.1 grams of pure methamphetamine.

On June 14, 2005, following a two-day jury trial, Snegirev was convicted of both counts in the Indictment. The district court imposed a sentence of 121 months on November 9, 2005. Amended Petition, Exhibits A, B. Snegirev timely appealed and his appeal was denied September 25, 2006. Snegirev then filed an initial petition pursuant to 28 U.S.C. § 2255 on June 18, 2007. Snegirev's Amended 28 U.S.C. § 2255 Petition to Set Aside/Vacate Conviction now at issue was filed on November 8, 2007.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 established a one-year period of limitations for collateral relief under 28 U.S.C. § 2255. The limitations period runs from the latest of several potentially applicable dates. In a case such as the one at bar, where the defendant's appeal was denied, the judgment of conviction becomes final 90 days after entry of the court of appeals judgment. Clay v. United States, 537 U.S. 522 (2003). Here, given that the appeal was denied on September 25, 2006, and the initial petition was filed on June 18, 2007, the amended petition is timely filed.

### III. The Record Makes Clear that Snegirev Received Effective Assistance of Counsel

The only legal claim Snegirev raises in his Amended Petition is whether his Sixth Amendment right to effective assistance of counsel was violated by the performance of his trial counsel, Assistant Federal Defender McCoy. In order to succeed on an ineffective assistance of counsel claim, Snegirev must show both inadequate performance by counsel and prejudice arising therefrom. Strickland v. Washington, 466 U.S. 668 (1984). With regard to inadequate performance, Snegirev is required to point to specific errors and omissions in the record. United States v. Johnson, 820 F.2d 1065, 1073 (9th Cir. 1987).

> The essence of an ineffective assistance of counsel claim is that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."...in establishing prejudice [the defendant]"must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Counsel's errors must be "so serious as to deprive defendant of a fair trial, a trial whose result is reliable."

Williams v. Calderon, 52 F.3d 1465, 1469 (9th Cir. 1995). Moreover, "where the ineffective assistance claim is based on counsel's failure to investigate or put on

specific evidence, the defendant must make specific allegations about the content of the proposed testimony in order to show how the failure to present that evidence proves prejudice." United States v. Dalton, 785 F. Supp. 126, 128 (D. Montana 1990).

In the case at ber, Snegirev's Sixth Amendment ineffective assistance of counsel claim is premised on three general allegations against his trial counsel, specifically that McCoy:  (1) failed to subpoena the CI as a trial witness; (2) failed to challenge the laboratory analysis of the drug evidence; and, (3) offered no effective defenses.  Snegirev further attempts to bootstrap these specific allegations into a generalized claim that the cumulative effect of the individual allegations resulted in a failure to subject the government's case to any meaningful adversarial testing.

None of Snegirev's allegations have any individual or collective merit and should be dismissed.  Rather, Snegirev's claims establish that he received competent representation in light of facts of his case.  Snegirev simply fails to meet either of the prongs required by Strickland.  First, Snegirev fails to point to any actual instances of unprofessional errors on the part of his trial counsel that

amount to ineffective assistance and, second, Snegirev cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 689.  Importantly, the court must always "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The United States addresses each of Snegirev's allegations in turn:

### A.   McCoy's Decision to Not Call the CI as a Trial Witness Did Not Amount to Ineffective Assistance of Counsel and Did Not Prejudice Snegirev

First, Snegirev claims that McCoy erred by not calling the CI as a trial witness.  Snegirev contends that calling the CI as a trial witness was necessary to destroy "any credibility which might have been remotely accredited to [the] CI." Amended Petition, p. 5.  In the same breath, however, Snegirev acknowledges that the government's own witnesses stated that they did not trust the CI.

McCoy's decision to not call the CI as a trial witness was not an error and did not prejudice Snegirev.  Snegirev's contentions about McCoy's decision to not call the CI as a witness at trial ignores the critical fact that calling the CI as a trial witness would have presented a host of additional problems for Snegirev.

Specifically, as noted previously, the government had conducted a controlled buy of additional quantities of methamphetamine by the CI from Snegirev prior to crimes alleged in the Indictment, but chose not to charge this crime or introduce evidence concerning this crime. PSR, ¶¶ 14-19. Had McCoy called the CI as a trial witness, Snegirev would have run the real risk that this additional evidence of criminal activity would have almost certainly come into evidence. Given these risks, McCoy's decision to not call the CI as a trial witness cannot be considered an error amounting to ineffective assistance and certainly did not prejudice Snegirev.

> **B.** **The Decision to Not Challenge the DEA Laboratory Analysis of the Drug Evidence at Trial Did Not Amount to Ineffective Assistance of Counsel and Did Not Prejudice Snegirev**

Second, Snegirev claims that McCoy erred in not challenging the validity of the DEA chemist's analysis of the drug evidence at trial. Snegirev seems to suggest that this evidence could have been challenged by attacking the procedures and proficiencies of the DEA laboratory where the drug evidence was

analyzed.[2]  Amended Petition, p. 6.  Snegirev acknowledges that McCoy did challenge the analysis of the drug evidence at the subsequent sentencing hearing. Id.

As an initial matter, Snegirev's complaint about McCoy's decision to not challenge the DEA laboratory analysis of the drug evidence ignores the fact that this challenge was rejected by the court at the sentencing hearing.  Accordingly, Snegirev cannot demonstrate any prejudice from any decision by McCoy to not more vigorously challenge the analysis of the drug evidence at trial. Additionally, Snegirev also ignores the fact that for the purposes of trial, based on the actual charges in the Indictment, the United States was required to simply prove that with regard to Count 1, Snegirev distributed a mixture weighing at least 50 grams that contained any amount of methamphetamine and that with regard to Count 2, Snegirev possessed any amount of methamphetamine with the intent to distribute that methamphetamine.  Indictment (March 15, 2005); Presentence Report (PSR), ¶ 9.  In other words, at trial the United States was

---

[2] Snegirev also suggests that McCoy should have challenged a statement by DEA Special Agent Zack Jones to the Grand Jury that he field tested the drugs seized from Snegirev.  Snegirev makes no suggestion, and can make no suggestion, that whether and how the drugs were field tested had any bearing on the subsequent analysis of the drugs at the DEA laboratory.

required to prove only the presence of methamphetamine for each Count and a weight in excess of 50 grams for the mixture at issue in Count 1.  As such, the specifics of purity concerning the methamphetamine at issue were relevant for the purpose of sentencing under the United States Sentencing Guidelines, but not for proof of guilt of the charges alleged in the Indictment.[3]  In other words, McCoy challenged the issue of purity at the time it actually mattered—at sentencing.  Accordingly, McCoy's decision to not attack the analysis of the drug evidence by the DEA lab was not ineffective and did not prejudice Snegirev.

### C. Snegirev Cannot Establish any Defense that Should Have Been Offereed

Third, Snegirev claims that McCoy erred by not asserting a defense of entrapment or a defense of outrageous governmental conduct and that McCoy failed to test the proof of Snegirev's intent to distribute the drugs at issue. Amended Petition, pp. 8-9.  None of these allegations amount to ineffective assistance and Snegirev again fails to establish any resulting prejudice.

---

[3] Snegirev also does not offer any evidence that independent testing of the drug evidence at issue in this case would have resulted in a different result from that reached by the DEA laboratory in any way whatsoever.

With regard to issue of an entrapment defense, Snegirev acknowledges that "an entrapment defense is difficult to prove . . . because of the predisposition requirement." Id.  In other words, Snegirev acknowledges that an entrapment defense was not viable.  This acknowledgment makes sense given the recordings of Snegirev discussing drug trafficking referenced in the PSR.  With regard to a defense based on outrageous governmental conduct, Snegirev essentially asserts that the use of the CI was outrageous.  Finally, with regard to McCoy's alleged failure to challenge whether Snegirev possessed the drugs charged in Count 2 with the intent to distribute, Snegirev offers only his own statements of intent and an attack on the jury instructions utilized at trial.  Snegirev fails to establish that the instructions at issue were somehow improper under the law and ignores the fact that the only way to introduce his own statements of intent would have been to testify at trial.  Accordingly, Snegirev cannot demonstrate that McCoy's decision to not advocate the defenses suggested by Snegirev in his Petition amounted to ineffective assistance or prejudiced him in any way.

### D. Snegirev's Specific Allegations Considered Cumulatively Do Not Amount to Ineffective Assistance of Counsel and Do Not Establish Any Prejudice

Lastly, Snegirev contends that the cumulative effect of the aforementioned specific decisions amount to ineffective assistance when considered collectively. For the reasons stated previously, none of individual decisions amounted to an error in any way and therefore cannot amount to any sort of an error cumulatively.

### IV. No Hearing Is Required to Dispose of Snegirev's Claims

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no hearing is required on Snegirev's petition. 28 U.S.C. § 2255. To summarize, Snegirev did not receive ineffective assistance of counsel. The records in this case conclusively establish that Snegirev's experienced Assistant Federal Defender, Kevin McCoy, did everything he could to reasonably assail the government's evidence. Snegirev's perceived instances of ineffective assistance are flatly contradicted by the record (i.e., calling the CI as a trial witness somehow damaged Snegirev's defense). To the extent they are not contradicted, Snegirev fails to allege any facts which, even

if proven true, would entitle him to relief. Accordingly, the defendant's motion should be denied without a hearing. United States v. Mullen, 96 F.3d 1155, 1159 (9thCir. 1996). See also Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998).

**V.    Conclusion**

Accordingly, based on the foregoing, the government respectfully requests that the court deny and dismiss Snegirev's Amended Petition.

RESPECTFULLY SUBMITTED this 7th day of January 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ James A. Goeke
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: james.goeke@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on January 7, 2008,
a copy of the foregoing **UNITED STATES'
OPPOSITION TO AMENDED 28 U.S.C.
§ 2255 PETITION TO SET ASIDE/VACATE
CONVICTION** was served electronically
on Linda A. Webb.

s/ James A. Goeke